UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONSTANCE M. FISHER                              CIVIL ACTION

VERSUS                                           NUMBER: 08-3630

MICHAEL J. ASTRUE,                               SECTION: "F"(5)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(B), this matter comes before the Court on the parties' cross-motions for summary judgment following a decision of the Commissioner of the Social Security Administration denying plaintiff's applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") benefits based upon disability.  (Rec. docs. 11, 12).  For the reasons that follow, it is recommended that plaintiff's case be remanded to the Commissioner for further proceedings.

Constance M. Fisher, plaintiff herein, filed the subject applications for DIB and SSI benefits on January 24, 2006, alleging disability as of September 24, 2003.  (Tr. pp. 95-100, 92-94).

Those applications were denied at the initial level of the Commissioner's administrative review process on March 29, 2006. (Tr. pp. 80-85). Pursuant to plaintiff's request, a hearing <u>de novo</u> before an Administrative Law Judge ("ALJ") went forward on April 23, 2007 at which plaintiff, who was represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. pp. 69-71, 36-62). On June 14, 2007, the ALJ issued a written decision in which he concluded that plaintiff was not disabled within the meaning of the Social Security Act. (Tr. pp. 11-20). The Appeals Council ("AC") denied plaintiff's request for review of the ALJ's decision on April 10, 2008, thus making the ALJ's decision the final decision of the Commissioner. (Tr. pp. 2-5). It was from that unfavorable decision that the plaintiff sought judicial review pursuant to 42 U.S.C. §§405(g) and 1383(c)(3), filing the instant lawsuit on June 5, 2008. (Rec. doc. 3).

After the defendant had filed his answer, the Court issued its standard briefing order directing the parties to file cross-motions for summary judgment, which they have now done. (Rec. docs. 10, 11, 12). On June 16, 2009, plaintiff also attempted to file a motion denominated as a "motion to submit new and material evidence" which was screened by the Clerk's Office and was deemed deficient for a number of reasons. (Rec. doc. 13 and following docket entry). As per the Clerk's Office's screening directive,

2

plaintiff subsequently filed a "motion for miscellaneous relief" wherein she sought leave to admit into evidence in this proceeding a recent decision by a second ALJ awarding her Social Security benefits. (Rec. doc. 14). That motion was granted by the Court on July 6, 2009. (Rec. doc. 15). Based upon a review of the favorable decision, it appears that on December 17, 2007, plaintiff had filed another application for DIB while her request for review of the first ALJ's unfavorable decision was pending before the AC. (Rec. doc. 14-3). The disability onset date alleged in that application was September 25, 2003, a mere one day after the disability onset date set forth in the applications at issue in this lawsuit. (Rec. doc. 14-3, p. 6). A review of the unfavorable and favorable decisions further reveals that much of the same evidence was presented to the Commissioner in connection with the January 24, 2006 and December 17, 2007 applications for benefits. (Tr. pp. 16-20; rec. doc. 14-3, pp. 8-11). However, some of the medical evidence cited in the favorable decision was undoubtedly generated subsequent to the first ALJ's unfavorable decision of June 14, 2007. (Rec. doc. 14-3, p. 9). The Court thus has before it two inconsistent disability determinations covering nearly the same time period and largely based upon the same evidence.

The Court can remand a case to the Commissioner and order consideration of additional evidence "'... upon a showing that

there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994)(quoting 42 U.S.C. §405(g)).  In Latham, the Fifth Circuit ordered that plaintiff's case be remanded to the Commissioner for consideration of a Department of Veterans Affairs Rating Decision in which it was concluded that the plaintiff was eligible to receive Veterans Affairs disability benefits. Id. at 483-84.  Remands have also been ordered to resolve inconsistencies between an earlier unfavorable decision and a subsequent favorable one. Hayes v. Astrue, 488 F.Supp.2d 560, 565 (W.D. Va. 2007); Bradley v. Barnhart, 463 F.Supp.2d 577, 580-81 (S.D. W.Va. 2006)("... an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.").  See also Reamey v. Astrue, 2009 WL 1619211 at *4-5 (W.D. Va. June 8, 2009); Lawrence v. Astrue, 2009 WL 1227840 at *7-8 (W.D. Va. May 4, 2009); Hall v. Astrue, 2008 WL 5455720 at *11-13 (W.D. Va. Dec. 31, 2008).  In light of these authorities, it will be recommended that plaintiff's case be remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. §405(g).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's

case be remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. §405(g).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  6th  day of   August   , 2009.

                                        ALMA L. CHASEZ
                           UNITED STATES MAGISTRATE JUDGE